Luis F. Reyes (SBN 317323)
Email: Lreyes@thereyeslaw.com
The Reyes Law Firm
41690 Ivy Street, Suite B
Murrieta, CA 92562
Telephone: 888-812-5549
Facsimile: 866-877-0311

Attorney for Plaintiff,

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL TELLEZ,

                Plaintiff,

v.

AMERICAN INCOME LIFE INSURANCE COMPANY,

                Defendant.

Case No.: **5:20-cv-00049**

**COMPLAINT FOR:**

1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED**

2. **FAILURE TO PAY MINIMUM WAGE**

3. **FAILURE TO PROVIDE MEAL AND REST PERIODS**

4. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

5. **FAILURE TO REIMBURSE EXPENSES**

6. **FAILURE TO PAY PAID TIME OFF ON TERMINATION**

7. **FAILURE TO PAY FINAL WAGES ON TIME**

8. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY**

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10. **DISCRIMINATION AND HARASSMENT**

11. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT**

12. **FAILURE TO PROVIDE REASONABLE ACCOMODATION**

13. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS**

14. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

15. **UNFAIR BUSINESS PRACTICES**

16. **DECLARATORY RELIEF**

**DEMAND FOR TRIAL BY JURY**

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

## <u>INTRODUCTION</u>

This Complaint is brought by Plaintiff Michael Tellez ("Plaintiff" and/or "Mr. Tellez") on behalf of himself, against his former employer, Defendant American Income Life Insurance Company ("Defendant" and/or "AILI").   Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

## <u>PLAINTIFF</u>

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

1.      At all times material herein Plaintiff Michael Tellez was and is a competent adult and resident of the State of California, County of Riverside and employed by Defendant AILI as an insurance sales representative.

**DEFENDANT**

2.      At all times material herein, Defendant AILI, was and is an Indiana corporation with its headquarters and principal place of business at 1200 Wooded Acres Drive, Waco, Texas, 76710.

3.      On information and belief, Defendant AILI sells a variety of insurance products, including life, accident, and supplemental health insurance.

4.      Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each individual mentioned herein representing Defendant AILI, was the agent and/or employee of Defendant AILI and acting within the course and scope of said agency and/or employment with the knowledge and/or consent of Defendant AILI.

**JURISDICTION AND VENUE**

5.      Plaintiff Michael Tellez is a citizen of the State of California.  Defendant is a citizen of both Indiana and Texas, rendering the parties citizens of different states.

6.      Plaintiff is seeking damages in excess of $75,000.  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).  Defendant has significant contacts with the Central District of California, both general and specific to the subject matter of this action such that Defendant is subject to personal jurisdiction.  A substantial part of the events and/or omissions giving rise to Plaintiff's causes of action occurred in the Central District of California.  Pursuant to 28 U.S.C. § 1391(b), venue is proper.

7.      This Court has jurisdiction over Plaintiff's claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution or ill-gotten benefits arising from

Defendant's unlawful, unfair, and/or fraudulent business practices, and attorney's fees and costs pursuant to, among others, the California Business and Professions Code § 17200-17208, and the statutes cited herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.        Defendant regularly and systematically do business in the State of California and is subject to suit under, among others, the Fair Employment and Housing Act ("FEHA") in that Defendant regularly employ five or more persons.  On December 9, 2019, pursuant to California Government Code § 12965(b), Plaintiff obtained a notice of Right to Sue from the California Department of Fair Employment and Housing ("DFEH").  Plaintiff is filing this action within one year of the date of his DFEH right-to-sue letter, therefore, administrative remedies and procedures have been properly exhausted.

9.        The California Worker's Compensation Act does not preempt this action because Defendant's unlawful practices, as alleged herein, are not risks or conditions of employment.

10.        Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complain.

## FACTS

**A.        AILI's recruitment process and practices**

11.        AILI sells life insurance and other insurance policies in the state of California.  It maintains over twenty offices in California, including AILI's Ontario-California office located at 3200 Inland Empire Blvd, Suite 120, Ontario, CA 91764.

12.        Plaintiff is informed and believe, and on that basis alleges, that AILI recruiters are encouraged to sell the agent position as a full-time, salaried employment opportunity, including, but

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

not limited to the extent of telling agents that they belong to an employee-labor union.  At job interviews with AILI, prospective insurance agents fill out paperwork; AILI then selects individuals to become insurance agents.  Plaintiff was selected as an insurance agent representing AILI.

13.      On information and belief, Torchmark Corporation (now Globe Life Inc.) is AILI's parent company.  In connection to independent contractor misclassification, Torchmark Corporation in its 2017 Annual report stated, in bold: **"Actual or alleged misclassification of independent contractors at our insurance subsidiaries could result in adverse legal, tax or financial consequences."**  (Emphasis in original document).  In that same report, AILI's parent company also contemplated the "risk…that a court, the IRS or other authority will take the position that those sales agents are employees."

14.      Once more, in Torchmark Corporation's Form 10-K Annual Report with the United States Securities and Exchange Commission for fiscal year ended December 31, 2018, Torchmark Corporation made the same previous statements in connection to misclassification of independent contractors.  Further, the foregoing 10-K filing report included  AILI's parent company assertions that "If there is an adverse determination regarding the classification of some or all of the independent contractors at our insurance subsidiaries by a court or governmental agency, we could incur significant costs with respect to payroll tax liabilities, employee benefits, wage payments, fines, judgments..."

**B.      Plaintiff's working relationship with AILI**

15.      When Plaintiff began work with AILI after being recruited by AILI's Ontario office, Plaintiff entered into an "Agent Contract" (hereinafter the "Contract") with AILI on or about August 31, 2017.  The contract states: "The Agent is not an employee of the Company; rather, the agent is an independent contractor.  The agent has no fixed hours and is free to choose the time and manner in

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

which services are performed."  Exhibit A of the Contract further provides that Plaintiff could not "pursue" other "insurance-related business ventures while contracted" with AILI.

16.     The Contract with Plaintiff included a clause stating that "Agent's right to receive renewal commissions shall vest in accordance with the union agreement with OPEIU Local 277." The OPEIU Local 277 in its website states that "Your right to form a union is protected by long-standing U.S. labor laws."  In addition, it states that "By joining together with your co-workers you can build an employee organization that gives you a real say over your job…and ensures a better economic future for you and your co-workers."  Further, the foregoing OPEIU Local 277 in its website states that "Union Make a Difference" in that "Benefits" are "Protected by the contract. Changes can only be made with employee approval" and that "Employees have a protected way to challenge any unfair or questionable treatment" with the "support and representation from their union."  The Contract also states that "after termination, the Agent will never use…Company-provided union or credit union membership records…"

17.     The Contract lays out a commission schedule for agents; it also states: "The Agent shall be responsible for all expenses incurred in the production of insurance for the Company.  The Agent shall, at his or her own expenses, furnish his or her own means of transportation…and any other relevant expenses incurred in the solicitation of insurance for the company."

18.     The Contract includes an arbitration provision, stating that "all disputes, claims, questions and controversies of any kind or nature arising out of or relating to this Contract, any alleged violation of any state or federal statute, regulation, law or order of any kind…including…claims for wrongful termination, discrimination, wage-and-hour violations, or any other claim based on an alleged employment relationship…shall be submitted to binding arbitration…"

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

19.      The Contract also includes non-compete and non-solicitation provisions stating that "After termination, the Agent will never:  (a)  Directly or indirectly contact AIL policyholders to attempt to induce them to terminate their respective policies…(b)  Attempt to induce representatives of the Company to end their respective relationships with the Company…"  Further, another non-compete provision states that "For one year after termination of this contract, the Agent will not engage in the life or health insurance business in any territory worked by the agent…" As such, prior to the commencement of the employment relationship between Plaintiff and Defendant, AILI required Plaintiff to sign an agreement which included non-compete and non-solicitations clauses.

20.      In addition, the Contract states that such "shall be construed in accordance with and governed by the laws of the state of Texas without regard to choice of law principles."

21.      After Plaintiff was recruited as an agent, Plaintiff was under AILI's enduring training, lasting at minimum several weeks.  Plaintiff frequently worked more than eight hours per day, and worked six or more days per week while training.  However, considering that no sales are produced from Plaintiff to AILI during the training period, and because Plaintiff's compensation was commission-based, Plaintiff did not earn any money during training.

22.      AILI coordinated and regulated Plaintiff's schedule, requiring off-site sales meetings with potential insurance buyers to happen at certain times and days of the week, including weekends, or in-office sales meetings and calls to occur at certain times and days of the week.

23.      AILI discouraged Plaintiff from having other jobs in order to maximize Plaintiff's time.  Plaintiff was required to hold a valid and proper insurance license in order to produce insurance policies for AILI, but because of the non-compete provisions under the Contract, Plaintiff was discouraged from seeking other forms of income in the insurance industry.

24.      Plaintiff was not paid minimum wage or overtime pay by AILI.  Also, AILI did not provide meals and rest breaks which are required by California employment laws, and AILI failed to pay for said missed breaks.  AILI also required Plaintiff to pay for legitimate business expenses incurred in the performance of his job, including gasoline for driving to sales meetings, agent licensing fees and courses, office expenses, telecommunication expenses, internet, and state-mandated fingerprint requirements.  Further, Plaintiff was not paid during his training period with AILI.

25. Defendant's Paid-Time-Off  ("PTO") policy which provided for accrual and vesting of vacation PTO was located in Defendant's website and can be accessed at https://www.ailife.com/CareerSearch/ourbenefits.  The policy provided for PTO "upon the completion of 6 months of employment."

## C.      Plaintiff's employment termination

26.      On or about September 2017, while Plaintiff worked for AILI, Plaintiff began experiencing health problems including stomach pain.  Plaintiff was prescribed medication, nevertheless an ultra-sound found a cyst on Plaintiff's left kidney and a mass on Plaintiff's right kidney.  A Computed Tomography Scan or CT Scan followed, and Plaintiff was thereafter on or about November 16, 2017 diagnosed with Cancer on his right kidney.   Plaintiff informed his immediate manager at AILI about his health condition and Plaintiff thereafter applied for Cancer Insurance at AILI.

27.      After Plaintiff's application for Cancer Insurance at AILI, Plaintiff received several letters dated December 4, 2017 in which AILI denied his Cancer Insurance application because of his health history disclosed within Plaintiff's Cancer Insurance application with AILI.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

28.     Plaintiff continued to work at AILI, driving to work meetings and producing insurance business for AILI.  Plaintiff was qualified for the position as a sales representative for AILI and was performing competently in such position and continued to produce business for Defendant notwithstanding his medical condition, however, because of Plaintiff's Cancer disease, medication and secondary effects, Plaintiff was not able to meet AILI's imposed sales quota.

29.     After the birth of Plaintiff's child, Plaintiff informed his immediate manager about Plaintiff's need to take some unpaid time off due to his child's birth, nevertheless, due to AILI's sales quota requirements and AILI's pressure to meet the sales quota, Plaintiff continued to work without taking complete time off from work.

30.      Plaintiff's immediate manager informed Plaintiff that the Ontario Office Management had said that "other agents had gone through cancer and worked and did well."

31.     Plaintiff continued working while continuing Cancer treatment and waiting for a surgery in connection to Plaintiff's cancer.  On or about April 2018, Plaintiff's right kidney was removed due to the size of the cancer tumor.  Plaintiff informed his manager about this surgery prior to being hospitalized and also post-surgery in order to keep him updated on his health status and condition.

32.     Plaintiff's cancer treatment prior to and post-surgery required Plaintiff to rest, however, due to AILI's sales quota requirements and pressure from AILI, Plaintiff continued to

attend meetings and produce business for AILI, nevertheless, due to Plaintiff's health condition, he was not able to meet AILI's sales quotas.

33.     Notwithstanding AILI's knowledge of Plaintiff's health condition, on or about March 28, 2018, Plaintiff received a letter from AILI, indicating that Plaintiff has "not submitted any new business in the past four weeks." Further, the letter stated that "If no business is submitted within the next 30 days" AILI's March 28, 2018 letter "will serve as 30 days notice of termination" of his relationship with AILI.

34.     On or about April 29, 2018, Plaintiff received another AILI's letter informing him that his termination with AILI was "effective" on "04/27/2019."  The letter required Plaintiff to "return" any "company materials" to AILI.

35.     Upon Plaintiff's termination, Defendant did not provide Plaintiff with any PTO or accrued wages.  Further, Defendant did not provide Plaintiff with the means to verify all PTO and accrued wages.

## CHOICE OF LAW

36.     Under California Labor Code § 925, employers cannot require employees who primarily reside and work in California to agree to a contract provision that would deprive the employee of the substantive protections of California laws where the controversy arises in California.

37.     Further, subsection (c) under the foregoing labor code section provides that "a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

38.     Plaintiff resides and worked for AILI in California.  Therefore, California law applies to Plaintiff's claim and Plaintiff is entitled to reasonable attorneys' fees for enforcing his rights as per California Labor Code § 925(c).

**<u>FIRST CLAIM</u>**

**FAILURE TO COMPENSATE FOR ALL HOURS WORKED**

39.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

40.     Defendant was required to compensate Plaintiff for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, § 11070 and Labor Code §§ 200-204, 225.5, 500, 510, 558, 1197, 1198.

41.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

42.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

43.     Labor Code § 1197 makes it unlawful to for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

44.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent , or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

45.     As alleged in this Complaint, Defendant refused to compensate Plaintiff for some and/or all of the wages – including overtime wages – earned by Plaintiff, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

46.      At all relevant times, Defendant was aware of, and was under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code §§ 200-204, 216, 255.5, 500, 510, 558, 1197, 1198.  Plaintiff is not exempt from the requirements of the Employment Laws and Regulations.  Plaintiff have been deprived of his rightfully earned compensation as a direct and proximate result of Defendant's failure and refusal to pay the above-mentioned compensation.  Under California employment laws and regulations, Plaintiff is entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

47.      Labor Code § 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

48.      As a direct and proximate result of Defendant's unlawful conduct and violations, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours worked, including overtime and double time hours worked, in an amount to be established at trial.  Plaintiff is also entitled to recover attorney's fees and costs of suit.

## SECOND CLAIM

### FAILURE TO PAY MINIMUM WAGE

49.      Plaintiff re-alleges the paragraphs above as if set forth fully herein.

50.      During all relevant times, Defendant was conscious and aware of, and were under a duty to comply with California Labor Code § 1194 *et seq.*

51.      California Labor Code § 1194(a) in relevant part provides:  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

52.      In addition, California Labor Code § 1197 provides:  "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

53.      Further, California  Labor Code § 1194.2(a) states:   "In any action under Section…1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

54.      California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."  Plaintiff in this case performed overtime and double time work for Defendant, however, payment for Plaintiff's overtime and double time work remains unpaid.  Therefore, Defendant is liable for an additional violation to the extent Defendant secretly payed less than the designated wage scale.

55.      Defendant employed Plaintiff; however, Plaintiff did not receive the applicable minimum wage for all hours worked on Defendant's behalf.  The foregoing non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

56.      As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours worked on behalf of Defendant,

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

in an amount to be established at trial, and Plaintiff is entitled to recover attorney's fees and costs of suit.

### THIRD CLAIM

### FAILURE TO PROVIDE MEAL AND REST PERIODS

57.      Plaintiff re-alleges the paragraphs above as if set forth fully herein.

58.      At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512 and applicable sections of the Industrial Welfare Commission Wage Orders ("IWC Wage Orders" or "IWC Wage Order").

59.      California Labor Code § 226.7 provides:  "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health. (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

60.      In addition, California Labor Code § 512 states:  "(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours

per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

61.      Section 11 of the IWC Order No. 5-2001 provides: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

62.      Further, Section 12 of the IWC Order no. 5-2001 in relevant part states: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof… (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

63.     Defendant required Plaintiff to work at minimum three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff for said missed rest periods, as required by California Labor Code §§ 226.7 and IWC Orders.

64.     Defendant routinely required Plaintiff to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff for such missed rest periods, as required by California Labor Code §§ 226.7 and IWC Wage Orders.

65.     On some occasions, Defendant required Plaintiff to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate Plaintiff for such missed rest periods, as required by California Labor Code §§ 226.7 and IWC Wage Orders.

66.     Defendant routinely required Plaintiff to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff for said missed meal periods, as require by California Labor Code §§ 226.7 and 512, and the IWC Wage Orders.

67.     On some occasions, Defendant required Plaintiff to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff for said missed meal periods, as required by California Code §§ 226.7 and 512, and IWC Wage Orders.

68.     Defendant refused to provide Plaintiff with one hour of compensation for these violations as mandated by California Law.  Plaintiff is informed and believes, and, on that basis, alleges that Defendant has never paid the foregoing one-hour of compensation to him.

69.     Plaintiff is not exempt from the meal and rest period obligations of the Employment Laws and Regulations as stated above.

70.     Plaintiff did not voluntarily waive, through mutual consent with the Defendant, any meal or rest period requirement.

71.      Defendant did not pay premium payments to Plaintiff for missed meal periods.  Also, Defendant did not pay premium payments to Plaintiff for missed rest periods.

72.      Plaintiff has been deprived of his rightfully earned compensation for rest periods as a direct and proximate result of Defendant's failure and refusal to pay such compensation.  Plaintiff is entitled to recover such amounts pursuant to California Labor Code § 226.7(b), plus interest thereon, and costs of suit.

73.      Plaintiff has been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendant's failure and refusal to pay such compensation.  Plaintiff is entitled to recover such amounts pursuant to California Labor Code § 226.7(b), plus interest thereon, and costs of suit.

74.      As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiff has sustained damages, including lost compensation resulting from missed meal and rest periods, in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in an amount to be established at trial, plus costs, attorney's fees and restitution, pursuant to statute.

## FOURTH CLAIM

### FAILURE TO FURNISH WAGE AND HOUR STATEMENTS

75.      Plaintiff re-alleges the paragraphs above as if set forth fully herein.

76.      California Labor Code § 226(a) provides

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

77.      California Labor Code § 226(e)(2) provides that:

"(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number."

78.      California Labor Code § 1174(d) states that:

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

"Every person employing labor in this state shall:  (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

79.     Defendant knowingly and intentionally failed to comply with the foregoing provisions by knowingly and intentionally failing to furnish Plaintiff with accurate, itemized written statements showring their actual and total hours worked, including all overtime hours.

80.     On information and belief, Defendant failed to accurately record meal periods as mentioned above, to pay meal and rest period premium wages for Plaintiff's missed meals and rest periods, and to report those meal period premium payments on wage statements.

81.     California Labor Code § 226(e)(1) further states that:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

82.     Plaintiff is not exempt from the requirements of the Employment Laws and Regulations and as a direct an proximate result of Defendant's  unlawful actions, Plaintiff has suffered economic harm as he has been precluded from accurately monitoring the number of hours worked, monitoring accrual hours of sick leave and therefore, seeking all accrued pay.

83.     According to Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to California Labor Code § 226, and other applicable statutes and provisions of the Employment Laws and Regulations in amounts to be established at trial, including, attorney's fees and costs pursuant to statute.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

**FIFTH CLAIM**

**FAILURE TO REIMBURSE EXPENSES**

84.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

85.     California Labor Code § 2802 (a) provides in pertinent part that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"  In addition, Wage Order No. 4 § 9 requires an employer to provide required tools or equipment.

86.     Defendant did not indemnity Plaintiff for his expenses, nor provide him with necessary tools.  Rather, Plaintiff was required to pay for his own expenses, including gasoline for driving to sales meetings, professional certification and state-mandated fingerprint requirements.

87.     Plaintiff is entitled to reimbursement for his business expenses and equipment purchases, plus interest thereon, as well as reasonable attorney's fees and costs.

**SIXTH CLAIM**

**FAILURE TO PAY PAID TIME OFF ON TERMINATION**

88.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

89.     Once an employee accrues vacation time, that time is treated as compensation and cannot be forfeited without compensation. Pursuant to California Labor Code section 227.3, accrued but unused vacation time constitutes "wages" that must be paid to the employee at the employee's regular rate of pay at the time of termination. An employer may not adopt policies that require forfeiture of vested vacation time without compensation.

90.     Defendant's Paid Time Off ("PTO") policy constituted a vacation time policy

subject to Labor Code section 227.3.  Plaintiff had accrued but unused vacation time upon his termination from employment with Defendant, but Defendant failed and refused to pay Plaintiff for the value of that time upon termination. Accordingly, Defendant violated California Labor Code provisions including, but not limited to, sections 201, 202 and 227.3.

91.     Plaintiff is entitled to recover unpaid wages for all unused vacation time and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

92.     At all relevant times herein, Defendant failed to implement a policy and practice to pay Plaintiff accrued wages and other compensation due immediately upon termination, as required by the California Labor Code.  As a result, Plaintiff was not paid all compensation due immediately upon termination, as required by the California Labor Code.

93.     Plaintiff is not exempt from these requirements of the Employment Laws and Regulations, and Plaintiff intends to conduct discovery to obtain date to prove that he was not paid all accrued, vested, vacation PTO.

94.     Based on Defendant's conduct as alleged herein, Defendant is liable for statutory penalties pursuant to California Labor Code section 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## SEVENTH CLAIM

## FAILURE TO PAY FINAL WAGES ON TIME

95.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

96.     California Labor Code § 201 states that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Section 203(a) provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.9, 202,…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

97.     Defendant failed to pay Plaintiff immediately upon AILI's termination of Plaintiff as required by the California Labor Code. Defendant notified Plaintiff on April 29, 2018 that Defendant terminated Plaintiff on April 27, 2018, however, Defendant failed to pay Plaintiff all wages earned at the time of termination.  In consequence, Plaintiff has not been paid all compensation due immediately upon termination, as required by the California Labor Code.

98.     Defendant willfully failed to pay all final wages on time, immediately upon Plaintiff's termination, and in doing so, Defendant violated California Labor Code § 202, and as a consequence, Defendant is liable for statutory penalties pursuant to California Labor Code § 203 and other applicable provision of the Employment Laws and Regulations in amounts to be established at trial, as well as attorney's fees and costs, pursuant to statute.

## EIGTH CLAIM

### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY

99.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

100.     Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

101.     Under the umbrella of California law, there is a fundamental and established public

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

Policy against discrimination, harassment or retaliation based on the fact that the employee has, *inter alia*, a protected characteristic.  The foregoing public policy is manifested in the Constitution of the State of California and California Labor Code § 98.6, among others.  Adverse employment actions taken by an employer which are triggered by the fact that an employee has a protected characteristic are contrary to the aforementioned public policy and therefore, actionable under the common law of the State of California.

102.      California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, …or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).  "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

103.      Government Code § 12940(m)(2) provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

104.     Defendant violated the foregoing section 98.6 and Government Code § 12940 in that Plaintiff was discriminated and retaliated against due to Plaintiff's medical condition which AILI perceived as in detriment of their business considering Defendant's threats of termination included in AILI's letter dated March 28, 2018.  Defendant violated the abovementioned § 98.6 and Government Code § 12940 when AILI retaliated by sending Plaintiff with threats of employment termination despite Plaintiff's communications to Defendant about his medical condition.  Eventually AILI made good to their threats and terminated Plaintiff because Plaintiff refused Defendant's implications to not take reasonable steps to care for his health during the cancer treatment and kidney removal surgery. Although Plaintiff did his best to keep producing for Defendant during and after his cancer treatment and after the removal of Plaintiff's kidney, AILI decided to terminate Plaintiff.  After the foregoing events, Plaintiff was notified of his termination on April 29, 2018, with effective date of termination April 27, 2018.

105.     Defendant terminated Plaintiff's employment in violation of public policy.  Defendant retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity.

106.     Plaintiff is informed and believes and, based thereon, alleges that Defendant's conduct, as described herein, was substantially motivated by Plaintiff's engagement in protected activity, and in consequence, Defendant subjected him to an adverse employment action, i.e., Defendant's threats of termination and Plaintiff's termination on April 27, 2019.

107.     The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

108.     As a proximate result of Defendant's wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

109.     Defendant, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## NINTH CLAIM

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

110.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

111.     This Court has jurisdiction over this claim pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167(1980).

112.     Defendant terminated Plaintiff's employment based upon Plaintiff having a protected characteristic, i.e., Plaintiff's medical condition in the form of cancer, and/or engaging in a protected activity, as alleged herein.

113.     Plaintiff is informed and believes and, based thereon, alleges that Defendant's conduct, as described herein, was substantially motivated by Plaintiff's cancer and/or engaging in a protected activity, as alleged herein.  When Plaintiff was not able to meet AILI's sales quota, that is according to his managers and supervisors,  Plaintiff's immediate manager informed Plaintiff that

AILI's Ontario Office Management had said, in connection to Plaintiff's medical condition, that "other agents had gone through cancer and worked and did well."

114.    Plaintiff alleges that a substantial motivating factor for his termination was his cancer condition and recovery at the time of his employment with AILI. The cancer treatment and recovery of removal of Plaintiff's kidney affected Plaintiff's not meeting AILI's imposed sales quotas. Plaintiff was qualified for the position as a sales representative for AILI and was performing competently in such position and continued to produce business for Defendant notwithstanding his medical condition. Plaintiff however was under Defendant's threat of termination and eventually terminated by Defendant because, according to AILI, "other agents had gone through cancer and worked and did well."

115.    The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

116.    As a proximate result of Defendant's wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

117.    Defendant, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

**TENTH CLAIM**

**DISCRIMINATION AND HARASSMENT**

118.    Plaintiff re-alleges the paragraphs above as if set forth fully herein.

119.    At all times mentioned herein, Defendant was and is an employer within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940 *et seq.*) ("FEHA") and Plaintiff was an employee within the meaning of FEHA. This claim is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendant regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendant regularly employed five or more persons.

120.    Under FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic. It is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. This public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Government Code § 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65(1990).

121.    An "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." Gov't Code § 12940(j)(4).

122.    Regarding discrimination, California Government Code § 12940(a)

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

provides that it is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

123.     In connection to harassment, California Government Code section 12940(j)(1) states that it is an unlawful employment practice : "For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees,

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment." This is a claim for relief arising from Defendant's causing, and its failure to prevent, medical condition discrimination and harassment against Plaintiff.

124.     As alleged above, Plaintiff was entitled to protection under FEHA because Plaintiff is an employee who has a protected characteristic, as in this case, a medical condition because of Plaintiff's cancer while employed at AILI.  Thus, Plaintiff was entitled to FEHA's protection pursuant to California Government Code sections 12940 *et seq.*

125.     Defendant was aware that Plaintiff was an employee who had a protected characteristic.  Pursuant to California Government Code section 12940(a), Defendant was prohibited from taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

126.     At all times mentioned herein, Plaintiff was qualified for the position he held and was performing competently in the position. Furthermore, Plaintiff was willing and able to perform the duties and essential functions of his position with or without a reasonable accommodation.

127.     Plaintiff alleges that a substantial motivating factor for his termination was his cancer condition at the time of his employment with AILI.  The cancer treatment and recovery of removal of Plaintiff's kidney affected Plaintiff's not meeting AILI's sales quotas.  Plaintiff was qualified for the position as a sales representative for AILI and was performing competently in such position and continued to produce business for Defendant notwithstanding his medical condition, however,

because of Plaintiff's Cancer disease, medication and secondary effects, Plaintiff was not able to meet AILI's imposed sales quota.

128.     Plaintiff was under Defendant's threat of termination and eventually terminated by Defendant because, according to AILI, "other agents had gone through cancer and worked and did well."

129.     Defendant's discriminatory and harassing actions against Plaintiff, as alleged above, including his termination of employment, constituted unlawful discrimination in employment because Plaintiff was an employee that had a protected characteristic, in violation of California Government Code section 12940.

130.     Plaintiff is informed and believes and, based thereon, alleges that Defendant's conduct, as described herein, was substantially motivated by the fact that Plaintiff had a protected characteristic.

131.     As a direct and proximate result of the actions of Defendant, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain an extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

132.     By discriminating against and harassing Plaintiff in violation of Government Code § 12940, Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code § 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

158. Upon information and belief, one or more of Defendant's managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendant.

133.     Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

## ELEVENTH CLAIM

**FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT**

134.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

135.     Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

136.     Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic.  The foregoing public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940.

137.     Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65 (1990).

138.     As alleged above, Plaintiff was entitled to protection under FEHA based on the fact that Plaintiff is an employee who had a protected characteristic.  Thus, Plaintiff was entitled to FEHA's protection pursuant to California Government Code section 12940 *et seq.*

139.     Defendant was aware that Plaintiff was an employee who had a protected

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

characteristic, and at all times mentioned herein, Defendant was an employer within the meaning of FEHA and Plaintiff was an employee within the meaning of FEHA.

140.     This claim is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendant regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendant regularly employed five or more persons.

141.     Under FEHA, including California Government Code section 12940(k), and the common law of the State of California, Defendant owe to Plaintiff a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

142.     California Government Code section 12940(j)(1) provides that it is an unlawful employment practice: "For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

143. On information and belief, Plaintiff complained about the harassment and discrimination to one of Plaintiff's managers and AILI's Ontario Office Management. Nonetheless, Defendant did not investigate Plaintiff's complaints or took action to stop the harassment and discrimination.

144.     Despite Defendant's knowledge of Plaintiff's complaints, Defendant failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendant similarly failed to take all reasonable steps to prevent discrimination from occurring.

145.     Defendant knew or should have known about the discrimination and harassment against Plaintiff.  Defendant failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendant similarly failed to take all reasonable steps to prevent discrimination from occurring.

146.     On information and belief, Defendant does not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff.

147.     Because of Defendant's failure to prevent and investigate harassment and discrimination, Plaintiff suffered adverse employment actions, including termination of employment.

148.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendant's willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

of the jurisdictional minimum of this Court, and which include, but are not limited to, mental

distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite,

and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits

and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment

interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is

thereby entitled to general and compensatory damages in an amount to be proven at trial.

149.    Plaintiff seeks attorneys' fees and costs pursuant to California Government Code

section 12965(b).

150.    Defendant's acts alleged herein are malicious, oppressive, despicable, and in

conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendant's

managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive

damages are warranted against Defendant.

## TWELFTH CLAIM

### FAILURE TO PROVIDE REASONBLE ACCOMODATION

151.    Plaintiff re-alleges the paragraphs above as if set forth fully herein.

152.    California Government Code section 12940(m)(1) provides that it shall be

unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable

accommodation for the known physical or mental disability of an applicant or employee."

153.    As alleged above, and at all relevant times hereto, Plaintiff has suffered from a

medical condition pursuant to California Government Code sections 12940 *et seq*. Defendant was

aware of Plaintiff's disability and Defendant failed to provide reasonable accommodations with

respect to Plaintiff's needs based on his disability.

154.    At all times mentioned herein, Plaintiff was willing and able to perform the duties

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

and functions of his position if Defendant had provided reasonable accommodations. Defendant could have provided reasonable accommodations for Plaintiff's disability without causing any danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

155.    As a result of Defendant's acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

156.    As a proximate result of Defendant's wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, front pay, back pay, severance pay, among others.

157.    By discriminating against Plaintiff and refusing to provide his reasonable accommodations in violation of Government Code section 12940(m), Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

158.    Upon information and belief, one or more of Defendant's managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendant.

159.    Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS

160.    Plaintiff re-alleges the paragraphs above as if set forth fully herein.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

161.    Government Code section 12940(n) provides that it is unlawful for an employer to "fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any…"

162.    Plaintiff was entitled to Fair Employment and Housing Act ("FEHA")'s protection pursuant to California Government Code sections 12940 *et seq.* because Plaintiff had a medical condition.

163.    Defendant was aware that Plaintiff had a disability and Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, if any.

164.    As a consequence of Defendant's acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

165.    As a proximate result of Defendant's wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits, including pre-judgment interest thereon, front pay, back pay, severance pay, among others.

166.    By failing to engage in the interactive process in violation of Government Code section 12940(n), Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

167.    Defendant's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendant's

managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendant.

168.     Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code section 12965(b).

## FOURTEENTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

169.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

170.     Defendant's conduct as set forth above in connection to Defendant's unlawful retaliation, wrongful termination, discrimination and harassment, was extreme and outrageous, intentional and malicious, causing Plaintiff to suffer mental anguish, emotional distress, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

171.     As a proximate result of Defendant's conduct, Plaintiff has suffered extreme emotional distress including anger, fear and shock, and has suffered other harms which are capable of proof at trial, in excess of the minimum jurisdiction of this Court.

172.     The extreme emotional distress suffered by Plaintiff was caused by Defendant's conduct, and Defendant knew that their conduct was unlawful.  Notwithstanding this knowledge, Defendant, with malice and oppression, subjected Plaintiff to cruel and unjust hardship in conscious or reckless disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages to punish Defendant for their actions.  Defendant's conduct was committed by managing agents of the company and were ratified by managing agents of the company.

## FIFTEENTH CLAIM

### UNFAIR BUSINESS PRACTICES

173.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

174.     Defendant's violations of California law, including Defendant's violations of the Employment Laws and Regulations as alleged in this Complaint constitutes an unfair business practice in violation of California Business and Professions Code §§ 1700 *et seq.,* because such violations were done consistently and repeatedly, over a significant period of time, and in a systematic manner in detriment of Plaintiff's rights.

175.     Plaintiff brings this action for statutory relief, including, restitution of the amounts Defendant's acquired through the unfair, unlawful, and fraudulent business practices described in this Complaint.

176.     Defendant's volitional conduct, as alleged in this Complaint, constitutes an unlawful and/or fraudulent business practice, as set forth in the California Business and Professions Code §§ 17200-17208.

177.     As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits in detriment and at Plaintiff's expense.

178. Defendant's business practices were unfair as set forth herein, which in consequence provides an independent basis to support this claim.

179.     Due to the unfairness of Defendant's practices, Defendant has created a policy of accepting an amount of collateral damage as a result to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, safe and honest business practices carried by responsible competitors and as set forth by written law and judicial determination.

180.     Defendant's unfair business practices entitle Plaintiff to seek, among others, restitutionary relief, including, but not limited to orders that Defendant account for and restore unlawfully withheld compensation to Plaintiff, and discontinue certain unlawful employment practices, including the implementation of policies and procedures with the goal to prevent the legal

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

violations and prevent serious injury or death as factually stated in this Complaint.  Defendant's

unfair business practices also entitle Plaintiff to attorney's fees and costs.

## SIXTEENTH CLAIM

## DECLARATORY RELIEF

181.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

182.     As a condition of employment, Plaintiff was required to sign the Contract,

which states that "all disputes, claims, questions and controversies of any kind or nature arising out of

or relating to this Contract, any alleged violation of any state or federal statute, regulation, law or

order of any kind…including…claims for wrongful termination, discrimination, wage-and-hour

violations, or any other claim based on an alleged employment relationship…shall be submitted to

binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA")".

183.     The unfair competition law (UCL), Bus. & Prof. Code, § 17200 et seq., addresses

unfair competition, which means and includes any unlawful, unfair, or fraudulent business act or

practice.  In this regard, the UCL provides that any person who engages, has engaged, or proposes to

engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may

make such orders or judgments as may be necessary to prevent the use or employment by any person

of any practice that constitutes unfair competition, as defined in this chapter, or as may be necessary

to restore to any person in interest any money or property, real or personal, which may have been

acquired by means of such unfair competition. Bus. & Prof. Code, § 17203.

184.     The California Supreme Court in McGill v. Citibank held that such arbitration

provisions are "contrary to California public policy and is thus unenforceable under California law".

The Court further held that "the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) does not preempt

this rule of California law or require enforcement of the waiver provision."  See McGill v. Citibank, N.A. (2017) 2 Cal.5th 945 [216 Cal.Rptr.3d 627, 393 P.3d 85].

185.        Pursuant to California law, the agreement to arbitrate is no longer enforceable in California and as result, Plaintiff may maintain this cause of action in court.

### JURY DEMAND

Plaintiff hereby demands a jury trial on al issues and causes of action set forth herein.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1.        For penalties pursuant to all provisions of the California Labor Code reference herein, which provide for penalties as a consequence of Defendant's conduct alleged herein;

2.        For costs of suit incurred herein and for reasonable attorney's fees;

3.        For compensatory damages according to proof;

4.        For compensation for all hours worked but not paid;

5.        For general damages in amounts according to evidence but in no event in an amount less than the jurisdictional or statutory limits;

6.        For general damages, including emotional distress;

7.        For special damages according to evidence;

8.        For punitive damages in an amount appropriate to punish Defendant for their wrongful conduct and to set an example for others as allowed by law;

9.        For restitution of all monies due to Plaintiff from Defendant's unlawful business practices;

10.       For declaratory and injunctive relief where necessary, just and proper;

11.       For pre-judgment and post-judgment interest as provided by law; and

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com

12.     For such other and further relief as this Court deems just and proper.

DATED:  January 8th, 2020.                 Respectfully Submitted,

                                           THE REYES LAW FIRM


                                           _____
                                           Luis F. Reyes
                                           Attorney for Plaintiff
                                           The Reyes Law Firm
                                           41690 Ivy Street, Suite B
                                           Murrieta, CA 92562
                                           Telephone:  888-812-5549
                                           Facsimile:  866-877-0311
                                           E-mail:  Lreyes@thereyeslaw.com

THE REYES LAW FIRM
41690 Ivy Street Suite B, Murrieta CA 92562
1-888-812-5549 – www.thereyeslaw.com